UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

HOWARD L. WIEDER,

                                            Plaintiff,

              -against-

CITY OF NEW YORK, JOSE RAMOS, Individually, JESSICA
ROSARIO, Individually, ALBERT ALBORANO, Individually,
HOME DEPOT U.S.A., INC., JOHN MARRUGO, Individually,
ROSARIO BERG, Individually, and JORGE BERG, Individually,

                                            Defendants.

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

09 CV 3914
(CBA)(VVP)

<u>Jury Trial Demanded</u>

Plaintiff HOWARD L. WIEDER, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitutions of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

## <u>JURISDICTION</u>

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343, and 1367.

## <u>VENUE</u>

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff HOWARD L. WIEDER is a fifty-eight-year-old man residing in Flushing, Queens County, New York.  Mr. Wieder is a practicing attorney, and was and still is the Principal Law Clerk for New York State Supreme Court Justice Charles J. Markey.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JOSE RAMOS, JESSICA ROSARIO, and ALBERT ALBORANO, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  Defendant ALBORANO was and is a supervisor, holding the rank of Sergeant. They are sued in their individual and personal capacities.

10.     That at all times hereinafter mentioned the defendants, JOSE RAMOS, JESSICA ROSARIO, and ALBERT ALBORANO, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants JOSE RAMOS, JESSICA ROSARIO,

2

and ALBERT ALBORANO alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK. Defendants CITY OF NEW YORK, RAMOS, ROSARIO, and ALBORANO, are hereinafter collectively referred to as the "CITY OF NEW YORK defendants."

12.    Defendant HOME DEPOT U.S.A., INC., (hereinafter "HOME DEPOT") is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and is the parent company to the HOME DEPOT located at 131-35 Avery Avenue, Flushing, Queens County, New York.

13.    JOHN MARRUGO was at the time of the incident an employee of defendant HOME DEPOT and was working at the 131-35 Avery Avenue, Flushing, Queens County, New York location. He is sued in his individual and personal capacity. HOME DEPOT and JOHN MARRUGO are hereinafter collectively referred to as the "HOME DEPOT defendants."

14.    Defendants ROSARIO BERG and JORGE BERG ("the Bergs") are husband and wife and residents of New York. They are sued in their individual and personal capacities.

## FACTS

15.    On August 12, 2008, at approximately 10:35 p.m., plaintiff HOWARD L. WIEDER was lawfully present at, and attempting to enter, the HOME DEPOT located at 131-35 Avery Avenue in Flushing.

16.    Plaintiff was unable to enter said location because defendant ROSARIO BERG, who was engaged in a loud verbal dispute with HOME DEPOT employees, was blocking the entranceway vestibule.

17.    As plaintiff attempted to go around defendant ROSARIO BERG, defendant ROSARIO BERG stated to plaintiff twice, "what the fuck is your problem?"

3

18.     Plaintiff responded in sum and substance that he was just trying to pass by her.

19.     In response to plaintiff's lawful statement, defendant JORGE BERG maliciously and violently assaulted and battered plaintiff by striking plaintiff in the back of the head and in the arms with his fist.    Plaintiff was thereafter struck without justification by defendant ROSARIO BERG.

20.     In self-defense, plaintiff struck defendant JORGE BERG in the chest to repel any further attack, and attempted to seek safety by back peddling out of the vestibule area towards the parking lot of Home Depot.  Plaintiff did not use any force towards defendant ROSARIO BERG.

21.     While plaintiff was in the parking lot, defendant ROSARIO BERG unjustifiably kicked plaintiff in the stomach.

22.     The above-described assault of the plaintiff was witnessed by employees of defendant HOME DEPOT.

23.     After this exchange, plaintiff retreated again, walking off of the Home Depot property to avoid any further attack by the Bergs.

24.     Defendant JOHN MARRUGO, a HOME DEPOT security employee, who, upon information and belief, witnessed the Bergs' assault of the plaintiff, followed plaintiff off the Home Depot property, for approximately a block and a half to two blocks, and thereafter unlawfully imprisoned and arrested plaintiff by grabbing him, pushing him against a fence, and detaining him until defendant NYPD officers JOSE RAMOS and JESSICA ROSARIO arrived.

25.     The defendant officers, RAMOS and ROSARIO, were in fact responding to a call regarding the aforementioned dispute between the HOME DEPOT employees and ROSARIO and JORGE BERG, said call having been placed by a HOME DEPOT employee prior to

4

plaintiff's arrival at the scene.

26.     Defendant officers JOSE RAMOS and JESSICA ROSARIO did not investigate the prior dispute between HOME DEPOT and the BERGS for which they had been summoned to the scene. Instead, without any objectively reasonable investigation, they unlawfully assumed that plaintiff was a criminal perpetrator by virtue of MARRUGO's conduct and statements to them, and immediately took over the arrest of plaintiff from defendant MARRUGO. In that regard, RAMOS and ROSARIO unreasonably searched and patted down plaintiff. They then handcuffed Mr. Wieder, imprisoned him inside a police vehicle, and then transported Mr. Wieder back to the HOME DEPOT parking lot against his will.

27.     Plaintiff repeatedly informed the defendant officers that he was the victim of a violent assault. Furthermore, plaintiff informed the officers that this information could be independently and readily confirmed through surveillance video as well as multiple witnesses at the scene, including Home Depot employees.

28.     Plaintiff was ignored.

29.     As a result of the defendant officers' inadequate and negligent investigation, as well as the false statements of the Bergs and defendant Marrugo, plaintiff's arrest was approved by defendant ALBORANO, causing plaintiff to be transported to the NYPD 109th precinct stationhouse and imprisoned therein for arrest processing. During the arrest processing, an NYPD officer inside the 109th precinct -- an employee of defendant CITY OF NEW YORK -- falsely imputed the commission of a felony to plaintiff, by saying, of and concerning the plaintiff, "This is the guy who robbed me last week." The defamatory statement was false and was made knowing of its falsity or in reckless disregard of its falsity.

30.     Plaintiff was later transported in the rear of a cramped NYPD vehicle from the

109th precinct to Central Booking in such a manner that plaintiff was caused to suffer further injury to an already bad left knee.

31.    As a result of the defendants' wrongful conduct, plaintiff was imprisoned by the NYPD defendants until he was arraigned on August 13, 2008, at approximately noon, on false charges filed under Queens County Criminal Court Docket No. 2008QN043424, and based on the false statements of defendant RAMOS that plaintiff allegedly assaulted ROSARIO BERG, even though it was actually or constructively known to all of the defendants, including RAMOS, that this accusation was false, and that in fact it was ROSARIO BERG who, along with JORGE BERG, assaulted and battered Mr. Wieder.

32.    As result of the filing of false, sworn allegations by RAMOS, along with the false accusations of ROSARIO BERG, plaintiff was compelled to return to court on September 23, 2008, when all the charges filed against plaintiff were dismissed and sealed in Queens County Criminal Court.

33.    Upon information and belief, the charges filed against plaintiff were dismissed, at least in part, based on exculpatory evidence captured by certain HOME DEPOT video surveillance cameras -- but not obtained during the arrest by the defendants despite plaintiff's repeated, persistent requests -- which depicted defendant ROSARIO BERG kicking plaintiff in the parking lot of the Flushing Home Depot.

34.    Plaintiff, through counsel, made attempts to obtain the video surveillance of the vestibule area where he was assaulted which included, but were not limited to, causing a subpoena duces tecum to be served upon defendant HOME DEPOT on or about August 13, 2008, which called for the production of all video surveillance of the incident that occurred at Home Depot on August 12, 2008 between 10:00 p.m. and 10:45 p.m.

35.     Despite being served with lawful process, and while criminal charges were pending against Mr. Wieder, defendants HOME DEPOT and MARRUGO failed to timely respond, and then when they did, produced unrelated video.  While some video of the incident, from inside the store and from the parking lot, were produced at some point, the key portion from the vestibule area where the BERGS commenced their attack on Mr. Wieder, which would have established beyond any doubt that Wieder was clearly only a crime victim, was not preserved by HOME DEPOT and/or MARRUGO.

36.     Defendant officer ALBERT ALBORANO supervised defendant officers JOSE RAMOS and JESSICA ROSARIO, and approved of, oversaw, presided over, and participated in the defendants' wrongful arrest of the plaintiff.

37.     The CITY OF NEW YORK and HOME DEPOT employees involved in the incident either directly participated in the above described misconduct and/or failed to intervene in the illegal conduct described herein despite meaningful opportunities to intercede.

38.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK and HOME DEPOT, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of their employees.

39.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the investigation of incidents and the preservation of exculpatory evidence.

40.     Defendant CITY OF NEW YORK is further aware that such improper training

7

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

41. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

42. Likewise, HOME DEPOT was aware that video surveillance evidence regarding police matters could have and should have been preserved, especially when it was served with lawful process and/or when criminal charges and/or civil claims relating to incidents that occurred in its stores were pending. Nonetheless, HOME DEPOT and/or MARRUGO wrongfully failed to preserve the key video in this case that, if promptly preserved and viewed, would have established Mr. Wieder's innocence and cleared his good name.

43. Similarly, the NYPD defendants, despite being aware of plaintiff's criminal charges and then of plaintiff's related civil claims, failed to preserve alleged evidence that has had has an adverse impact upon plaintiff's ability to prove his claims.

44. As a result of the foregoing, plaintiff HOWARD L. WIEDER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights, injury to his reputation, and an adverse impact on the advancement of his career.

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46.    All of the aforementioned acts of the CITY OF NEW YORK and HOME DEPOT defendants and their agents, servants, and employees, were carried out under the color of state law.

47.    All of the aforementioned acts deprived plaintiff HOWARD L. WIEDER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

48.    The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and/or security officers, with the entire actual and/or apparent authority attendant thereto.

49.    The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and/or security officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK, the New York City Police Department, and/or of the HOME DEPOT, all under the supervision of ranking officers and/or supervisors of said department and/or said corporation.

50.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority/corporation, that is forbidden by the Constitution of the United States.

9

51.     As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     All of the defendants arrested plaintiff HOWARD L. WIEDER, or caused him to be arrested, without probable cause, causing Mr. Wieder to be, among other things, detained against his will for an extended period of time and subjected to physical restraints.

54.     The defendants caused plaintiff HOWARD L. WIEDER to be falsely arrested and unlawfully imprisoned.

55.     As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     All of the defendants initiated, commenced, and/or continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Queens County District Attorney's office, or otherwise failing to intervene to stop the unlawful

prosecution, despite knowing it was baseless.

58.    The aforesaid prosecution terminated in favor of plaintiff when it was dismissed and sealed by Judge Eugene Lopez, via the motion of the Queens County District Attorney's Office, on September 23, 2008.

59.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

60.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    All of the defendants issued or caused criminal process to issue against plaintiff HOWARD L. WIEDER by causing him to be arraigned and prosecuted for purported violations of the N.Y. Penal Law.

62.    The defendants caused plaintiff HOWARD L. WIEDER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: covering up their rush to judgment in arresting plaintiff without probable cause, based merely on defendant MARRUGO's unlawful arrest of plaintiff; and covering up the CITY OF NEW YORK and HOME DEPOT defendants' failure to preserve key evidence that confirmed the lack of probable cause for plaintiff's arrest.

63.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants and HOME DEPOT, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
#### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The CITY OF NEW YORK and HOME DEPOT defendants had an affirmative duty to intervene on behalf of plaintiff HOWARD L. WIEDER, whose constitutional rights were being violated in their presence.

66.     The CITY OF NEW YORK and HOME DEPOT defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiff HOWARD L. WIEDER'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was, among other things, humiliated and subjected to handcuffing and other physical restraints.

68.     As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The CITY OF NEW YORK and HOME DEPOT defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law

enforcement as to be barred by the Fourteenth Amendment.

71.    As a result of the foregoing, plaintiff HOWARD L. WIEDER was deprived of his liberty and right to substantive due process, causing, among other things, emotional and physical injuries.

72.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Conspiracy under 42 U.S.C. § 1983)

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    The defendants jointly participated in the deprivation of plaintiff's constitutional right to be free from false arrest, malicious prosecution, malicious abuse of process, failure to intervene, and the other constitutional violations set forth in this amended complaint.

75.    The defendants conspired in the deprivation of plaintiff's constitutional rights by collectively lying about plaintiff's actions and conduct, and intentionally withholding and/or destroying exculpatory evidence in order to support the defendants' fabricated version of the events that transpired on August 12, 2008.

76.    As a result of the defendants' malicious efforts to damage plaintiff, plaintiff's liberty was restricted, he was restrained, injured while in custody, subjected to handcuffing, and, among other things, he was falsely arrested and prosecuted.

77.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendant ALBERT ALBORANO, an NYPD supervisor, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the facts that preceded plaintiff's arrest, and by approving plaintiff's arrest despite the availability of exculpatory evidence.

80.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(*Monell* Liability under 42 U.S.C. § 1983)

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    The CITY OF NEW YORK and HOME DEPOT defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority/corporation, which is forbidden by the Constitution of the United States, including, but not limited to, the improper and

14

inadequate investigation of alleged assaults where video surveillance is readily available, and preservation of exculpatory evidence.

83.    The aforementioned customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and HOME DEPOT included, but were not limited to, and the inadequate screening, hiring, retaining, training and supervising their employees that was the moving force behind the violation of plaintiff HOWARD L. WIEDER'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK and HOME DEPOT to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants CITY OF NEW YORK and HOME DEPOT have tacitly authorized, ratified, and have been deliberately indifferent to, the acts and conduct complained of herein.

84.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and HOME DEPOT constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HOWARD L. WIEDER.

85.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and HOME DEPOT were the direct and proximate cause of the constitutional violations suffered by plaintiff HOWARD L. WIEDER as alleged herein.

86.    The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and HOME DEPOT were the moving force behind the Constitutional violations suffered by plaintiff HOWARD L. WIEDER as alleged herein.

87.    As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and HOME DEPOT, plaintiff HOWARD L. WIEDER was, among other things, unlawfully arrested and maliciously prosecuted.

88.    Defendants, collectively and individually, while acting under color of state law,

15

were directly and actively involved in violating plaintiff HOWARD L. WIEDER'S constitutional rights.

89.     All of the foregoing acts by defendants deprived plaintiff HOWARD L. WIEDER of federally protected rights, including, but not limited to, the right:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from false arrest/unlawful imprisonment;

C.      To be free from malicious prosecution and abuse of process; and

D.      To be free from the failure to intervene.

90.     As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT, in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under N.Y. General Municipal Law § 50-e.

93.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

94.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

95.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

96.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

97.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.    The defendants arrested or caused plaintiff HOWARD L. WIEDER to be arrested without probable cause.

99.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

100.    As a result of the aforementioned conduct, plaintiff HOWARD L. WIEDER was unlawfully imprisoned in violation of the laws of the State of New York.

101.    As a result of the aforementioned conduct, plaintiff HOWARD L. WIEDER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, loss of freedom, and damage to his reputation and professional advancement.

102.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault and Battery under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

17

paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    The defendants placed plaintiff in apprehension of imminent offensive physical contact and/or made offensive physical contact with plaintiff without privilege or consent.

105.    As a result of aforementioned defendants' conduct, plaintiff HOWARD L. WIEDER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

106.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
<u>(Malicious Prosecution under laws of the State of New York)</u>

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    The defendants initiated, commenced, and continued criminal proceedings against plaintiffs by falsely reporting the events of August 12, 2008, to the Queens County District Attorney's Office, or by otherwise failing to intervene to bring the true events of that evening to the attention of the District Attorney's Office.

109.    The aforementioned defendants caused plaintiff HOWARD L. WIEDER to be prosecuted on criminal charges without any probable cause until the charges were dismissed on September 23, 2008.

110.   As a result of the aforementioned conduct, plaintiff HOWARD L. WIEDER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, loss of freedom, and damage to his reputation and professional advancement.

111.   As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

112.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   The defendants issued criminal process or caused it to be issued against plaintiff HOWARD L. WIEDER by causing plaintiff to be arrested, arraigned, and prosecuted in criminal court on purported criminal charges.

114.   The aforementioned defendants caused plaintiff HOWARD L. WIEDER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, to wit: covering up their rush to judgment in arresting plaintiff without probable cause, based merely on defendant MARRUGO's unlawful arrest of plaintiff; and covering up the CITY OF NEW YORK and HOME DEPOT defendants' failure to preserve key evidence that confirmed the lack of probable cause for plaintiff's arrest.

115.   As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

116.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   The aforementioned conduct by the defendants was extreme, outrageous, and exceeded all reasonable bounds of decency.

118.   The aforementioned conduct was committed by the CITY OF NEW YORK and the HOME DEPOT defendants while acting within the scope of their employment by defendant CITY OF NEW YORK and/or HOME DEPOT.

119.   The aforementioned conduct was committed by the CITY OF NEW YORK and the HOME DEPOT defendants while acting in furtherance of their respective employments by defendant CITY OF NEW YORK and/or defendant HOME DEPOT.

120.   The aforementioned conduct was intentional and for the sole purpose of causing emotional distress to plaintiff HOWARD L. WIEDER.

121.   As a result of the aforementioned conduct, plaintiff HOWARD L. WIEDER suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

122.   As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Spoliation under the laws of the State of New York)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    The HOME DEPOT defendants had a duty to preserve video surveillance footage of the August 12, 2008 incident in that they were on notice by way of a subpoena duces tecum that said video was necessary evidence in an ongoing criminal matter.

125.    The HOME DEPOT failed to preserve said video surveillance evidence.

126.    As a result of the HOME DEPOT defendants' failure to preserve said video surveillance evidence, plaintiff was injured in that his ability to litigate and/or defend both his criminal and civil cases relating to the incident were impeded to plaintiff's detriment and prejudice, and his professional advancement was compromised.

127.    The CITY OF NEW YORK defendants had a duty to preserve purported photographic evidence relating to purported claims against plaintiff stemming from the August 12, 2008 incident, in that they were on notice by way of a pending criminal prosecution, by notice of plaintiff's civil claim, and via this action, that said photographic evidence would be material.

128.    The CITY OF NEW YORK destroyed said photographic evidence.

129.    As a result of the CITY OF NEW YORK defendants' failure to preserve said photographic evidence, plaintiff was injured in that his ability to litigate both his criminal and civil cases relating to the incident were impeded to plaintiff's detriment and prejudice, and his

21

professional advancement was compromised.

130.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

131.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    Upon information and belief, defendants CITY OF NEW YORK and HOME DEPOT failed to use reasonable care in the screening, hiring, and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff HOWARD L. WIEDER.

133.    Defendants CITY OF NEW YORK and HOME DEPOT knew, or should have known, in the exercise of reasonable care, the propensities of their respective employees that caused plaintiff to be falsely arrested and maliciously prosecuted, to engage in the wrongful conduct heretofore alleged in this Complaint.

134.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

135.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "134" with the same force and effect as if fully set forth

herein.

136.     Upon information and belief, the defendants CITY OF NEW YORK and HOME DEPOT failed to use reasonable care in the training and supervision of their respective employees participated in, conspired to effect, or otherwise caused, the arrest of plaintiff HOWARD L. WIEDER.

137.     As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

138.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "137" with the same force and effect as if fully set forth herein.

139.     Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence -- including, without limitation, the failure of the HOME DEPOT defendants to protect plaintiff from physical attack and harm by the Bergs, as well as the manner in which plaintiff was placed in a police vehicle causing further injury to his already compromised left knee by employees of defendant CITY OF NEW YORK -- of defendants CITY OF NEW YORK and HOME DEPOT, and their employees and agents, who were on duty and acting in the scope of their employment, when they engaged in the wrongful conduct described herein.

140.     As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Slander under the laws of the State of New York)

141.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if fully set forth herein.

142.    The statement of an employee of defendant CITY OF NEW YORK inside the 109th precinct during plaintiff's arrest on August 12, 2008, imputing the commission of a felony to plaintiff, by saying, of and concerning the plaintiff, "This is the guy who robbed me last week," constituted actionable slander per se against a practicing attorney without proof of special damages. The defamatory statement was false and was made knowing of its falsity or in reckless disregard of its falsity.

143.    As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

144.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.    Defendants CITY OF NEW YORK and HOME DEPOT are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their

24

employment when they engaged in the wrongful conduct described herein.

146. As a result of the foregoing, plaintiff HOWARD L. WIEDER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants and HOME DEPOT in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff HOWARD L. WIEDER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 12, 2011

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff HOWARD L. WIEDER
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

HOWARD L. WIEDER,

Plaintiff,

09 CV 3914
(CBA)(VVP)

      -against-

CITY OF NEW YORK, JOSE RAMOS, Individually, JESSICA
ROSARIO, Individually, ALBERT ALBORANO, Individually,
HOME DEPOT U.S.A., INC., JOHN MARRUGO, Individually,
ROSARIO BERG, Individually, and JORGE BERG, Individually,

Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100
